**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME BARAJAS CHOCOTECO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72532<br><br>Agency No. A097-356-309<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jaime Barajas Chocoteco, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

The record does not compel the conclusion that Barajas demonstrated extraordinary circumstances to excuse his untimely asylum application.  *See* 8 C.F.R. § 1208.4(a)(5)(i); *Dhital v. Mukasey*, 532 F.3d 1044, 1049-50 (9th Cir. 2008) (per curiam).  Accordingly, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's denial of Barajas' withholding of removal claim because the discrimination and harassment he experienced in Mexico did not rise to the level of persecution, *see Nagoulko v. INS*, 333 F.3d. 1012, 1016-17 (9th Cir. 2003), and the criminal rape by an older schoolmate was not on account of a protected ground, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004).  Substantial evidence further supports the agency's determination that Barajas failed to establish a clear probability that he would be persecuted based on his sexual orientation upon his return to Mexico.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003)*; Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("When, as here, a petitioner has not established past persecution, there is no presumption to overcome . . . [and] the IJ and the BIA are

entitled to rely on all relevant evidence in the record, including a State Department report"). Accordingly, Barajas' claim for withholding of removal fails.

Finally, substantial evidence supports the agency's denial of Barajas' CAT claim because he failed to show it is more likely than not that he will be tortured if returned to Mexico. *See Zhang v. Ashcroft*, 388 F.3d 713, 721-22 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**